UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

CHAD D. DOLAWAY,

        Defendant.

REPORT AND RECOMMENDATION

12-CR-6097G

---

By Order of Hon. Charles J. Siragusa, United States District Judge, dated July 17, 2012, all pretrial matters in the above-captioned case have been referred to this Court pursuant to 28 U.S.C. §§ 636(b)(1)(A)-(B). (Docket # 15).

On March 24, 2013, defendant Chad Dolaway ("Dolaway") filed motions seeking suppression of tangible evidence and a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). (Docket # 26). The government responded to the motions on April 8, 2013 and, after multiple adjournments at the defendant's request, oral argument on the motions was held on October 2, 2013. (Docket ## 28-32). On October 17, 2013, the defendant filed supplemental briefing in support of his motions, to which the government responded on October 30, 2013. (Docket ## 38-38).

Having reviewed the parties submissions, for the reasons stated more fully on the record on January 15, 2014, I recommend that the district court deny Dolaway's motion to suppress tangible evidence and his motion requesting a *Franks* hearing.

*Marian W Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
      January 16, 2014

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York.[1]

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 59(b) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**IT IS SO ORDERED.**

_____
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
        January 16, 2014

---

[1] Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(D) commences with the filing of this Report and Recommendation. Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the fourteen days allowed for filing objections has elapsed. *United States v. Andress*, 943 F.2d 622 (6th Cir. 1991); *United States v. Long*, 900 F.2d 1270 (8th Cir. 1990).