UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

             Plaintiff,

v.

CHAD D. DOLAWAY,

             Defendant.
_____

Case #12-CR-6097-FPG

DECISION & ORDER

  By text order dated July 17, 2012, this case was referred to United States Magistrate Judge Marian W. Payson, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). Dkt. #15. Count 1 of the Indictment in this case alleges that Defendant Chad D. Dolaway received child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1), Counts 2 and 3 allege that he distributed child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1), and Count 4 alleges that he possessed child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). Dkt. #14.

  Defendant seeks the suppression of physical evidence that was seized on July 20, 2011 from 29 Orchard Park Road, Pine City, New York pursuant to a search warrant issued by United States Magistrate Judge Jonathan W. Feldman. Dkt. ##26, 37. After receiving submissions and hearing argument from the parties, on January 15, 2014, Magistrate Judge Payson issued an oral Report and Recommendation (Dkt. #44), confirmed by a written Report and Recommendation on January 16, 2014 (Dkt. #41), which recommends the denial of Defendant's suppression motion. On April 4, 2014, Defendant filed objections to a portion of Judge Payson's Report and Recommendation. Dkt. #47.

This Court must conduct a *de novo* review as to those portions of the Report and Recommendation to which objections have been made. *See* 28 U.S.C. § 636(b)(1)(C). In doing so, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

On the other hand, *de novo* review is not required of those portions of the Report and Recommendation where no objections were filed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) ("We have adopted the rule that failure to object timely to a magistrate judge's report may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.").

In her Report and Recommendation, Magistrate Judge Payson recommended that I deny Defendant's Motion to Suppress computer evidence seized from his residence, finding that there was nothing improper about the conducted searches. Defendant has not objected to this determination, and even if he had, I would still agree with Judge Payson that the search was proper. As Magistrate Judge Payson pointed out, Defendant provided no authority to support his claim that the officers' use of an initial "preview search" followed by a more extensive examination of the computer at the Regional Computer Forensic Laboratory (RCFL) was improper. Further, I don't see any difference between this search method and what routinely occurs in narcotics cases: law enforcement agents on the scene conduct a field test with a small portion of the suspected controlled substance, and if it tests positive, the full sample is sent away to the laboratory for more detailed scientific analysis. Using such a search method – whether in

a narcotics investigation or in a child pornography investigation – makes sense, and is appropriate.

The remaining issue – and the one that Defendant has objected to – relates to the Search Warrant affidavit that was presented by Federal Bureau of Investigation Special Agent Kenneth Jensen to Magistrate Judge Feldman. At the time Special Agent Jensen submitted his affidavit to Judge Feldman, Jensen had been the subject of a hearing before Magistrate Judge Jeremiah McCarthy in Buffalo, New York, to determine whether or not Jensen had made false or misleading statements in connection with a separate case (*United States v. Koschtschuk*) pending before District Judge William Skretny, and that fact was not made known to Judge Feldman in the affidavit in support of the search warrant issued in this case. According to the Defendant, this omission entitles him to a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978), or alternatively, requires the Court to exercise it's supervisory powers to suppress the evidence obtained as a result of the search warrant.

Magistrate Judge Payson determined that the Defendant had not made a sufficient showing to entitle him to a *Franks* hearing, and that since *Franks* provides an appropriate framework to address the alleged omission by Agent Jensen, that invocation of the Court's supervisory powers as a basis for suppression would be inappropriate.

Defendant has objected to Judge Payson's determination that he has not met the legal standard for holding a *Franks* hearing in this case, although I am somewhat puzzled by the objection, since during the February 3, 2014 appearance before Judge Payson, defense counsel acknowledged that "there was no opportunity under *Franks* where something like this is required to be presented to the magistrate judge before the magistrate judge issues the warrant." Dkt. #44, p. 8, line 23 to p. 9, line 1.

The standard to obtain a *Franks* hearing is well settled, and a defendant is entitled to such a hearing where he "makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause." *Franks*, 438 U.S. at 155-56. While *Franks* addresses false statements, "omissions from an affidavit that are claimed to be material are governed by the same rules." *United States v. Ferguson*, 758 F.2d 843, 848 (2d Cir. 1985). "The ultimate inquiry is whether, after putting aside erroneous information and material omissions, there remains a residue of independent and lawful information sufficient to support probable cause." *United States v. Canfield*, 212 F.3d 713, 718 (2d Cir. 2000) (quotation marks omitted).

At the outset, I note that there has been absolutely no finding – by Judge McCarthy, by Judge Skretny, by the Department of Justice, or by anyone – that Special Agent Jensen either lied or intentionally attempted to mislead the Court in connection with the *Koschtschuk* matter. Further, there has been absolutely no showing by the defense in this case that Special Agent Jensen intentionally made a false statement or omission to Magistrate Judge Feldman. Without such a showing, Defendant has not satisfied the first *Franks* hearing requirement, and a hearing is therefore not required.

Even if the Defendant were able to demonstrate the first *Franks* hearing criteria, like Magistrate Judge Payson, I also find that the Defendant has failed to establish the second *Franks* criteria, namely, that the allegedly false statement or omission was material to the original probable cause determination. The Courts that have addressed a situation similar to this case – i.e., where the affiant is criticized for omitting the fact that his credibility was being questioned in another and unrelated matter – have found that such an omission does not satisfy the defendant's burden under *Franks*. *See, e.g., United States v. Williams*, 576 F.3d 1149 (10th Cir.

2009); *United States v. Lucca*, 377 F.3d 927 (8th Cir. 2004); *United States v. Southard*, 700 F.2d 1 (1st Cir. 1983).

In addition, I further find that the complained of omission in this case could not be material to the original probable cause determination in that the most significant statements in Special Agent Jensen's affidavit – that he viewed images of child pornography associated with the Defendant – were largely corroborated by the actions of two other agents involved in this investigation. As a result, the Defendant has not carried his burden to warrant a *Franks* hearing.

The Defendant's final argument is that aside from the *Franks* analysis, this Court should nonetheless suppress the products of the search warrant as an exercise of its supervisory powers. While this Court does indeed possess supervisory powers, they are generally used in situations where other remedies do not adequately address the alleged improper conduct. That is not the case here, as Defendant's challenge to the warrant is appropriately addressed by *Franks*, and I am not aware of any cases – nor has the Defendant cited any – where a court invoked its supervisory powers in the manner the Defendant is now requesting.

For all of the foregoing reasons, I accept and adopt the Report and Recommendation filed by United States Magistrate Judge Marian W. Payson on January 16, 2014 (Dkt. #41) and the reasoning detailed in her oral Report and Recommendation of January 15, 2014 (Dkt. #44) in their entirety, and Defendant's Motions to Suppress (Dkt. ##26, 37) are denied in all respects.

IT IS SO ORDERED.

DATED:   Rochester, New York
         May 15, 2014

_____
HON. FRANK P. GERACI, JR.
United States District Judge